IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

KENNETH COZART, in his own right
and on behalf of others similarly situated;

Plaintiff,

v.   CIVIL ACTION NO __5:18-cv-00397__
     Honorable Judge _____

BLUESTONE INDUSTRIES, INC.,

Defendant.

## COMPLAINT

1. The Plaintiff Kenneth Lee Cozart is a resident of Raleigh County, West Virginia.

2. The Defendant Bluestone Industries, Inc. ("Bluestone" hereinafter) is a West Virginia Corporation licensed to do business in West Virginia and doing business in West Virginia.

3. Under 36 U.S.C. § 1331, this Court has original jurisdiction as the Plaintiff has brought claims under the Fair Labor Standards Act. This Court has personal jurisdiction over Bluestone as it is a domestic corporation conducting business in this State and within the geographic boundaries of this Court's jurisdiction. As such, venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b)(1), (c)(2).

4. At all relevant times, Plaintiff and others like him were employed by Bluestone.

5. On February 23, 2018, Plaintiff was issued a paycheck for wages earned.

6. Plaintiff deposited his check in his bank account.

7. The paycheck bounced, causing bad check fees to be charged against plaintiff's account.

8. Sometime thereafter, Bluestone wired to the Plaintiff wages owed him due to the bad check deposited on February 23, 2018. Plaintiff and other employees were charged a wire transfer fee for this payment.

9. On several prior occasions, the Plaintiff was given paychecks for wages earned and deposited said checks in his account and those checks bounced, costing the Plaintiff returned check fees. Bluestone would again wire the Plaintiff his pay in the same manner as set forth above, again incurring wire transfer fees.

10. Bluestone is an "Employer" as that term is defined by the West Virginia Wage Payment and Collection Act, ("WVWPCA") W.Va. Code § 21-5-1 et. seq., and the Fair Labor Standards Act, ("FLSA") 29 USC § 201, et. seq. *See* W.Va. Code § 21-5-1; 29 USC §203,

11. Plaintiff and his co-workers are "Employees" as that term is defined by the WVWPCA, W.Va. Code § 21-5-1, and FLSA, 29 U.S.C. § 203.

12. Bluestone has violated the terms of the aforementioned Acts by failing to issue proper payments to employees, including Plaintiff and his co-workers.

13. Defendants acts set forth above were intentional, willful, wanton, and malicious.

14. Plaintiffs and their co-workers have suffered and continue to suffer harm as a result of Bluestone's failure to pay its Employees' wages earned and owing.

## CLASS ACTION ALLEGATIONS

Plaintiff incorporates and restates all of the above and further pleads:

15. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action against Defendant, individually, and on behalf of a class of all West Virginia residents against who were due wages under the West Virginia Wage Payment and Collection Act and Fair Labor Standards Act whom were paid by a check drawn on an account that, at the time the

checks were written, did not have sufficient funds to cover all of the checks written on the account.

16. Upon information and belief, the members of the class are in the hundreds, possibly thousands and, as such, are too numerous to be practicably joined.

17. There are numerous questions of law or fact common to the class including the resolution of the factual and legal claims raised herein.

18. The claims of the named Plaintiff are typical of the claims of the class.

19. The named Plaintiff and his undersigned counsel will fairly and adequately protect the interests of the class.

20. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendant.

21. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

WHEREFORE, Plaintiff prays that the Court enter judgment against the Defendant and for the Plaintiff and the Class on the Complaint providing for the following:

1. Compensatory damages for the general and special damages set forth above;

2. Statutory, liquidated, and treble damages provided for in the West Virginia Wage Payment and Collection Act and the Fair Labor Standards Act respectively;

3. Punitive damages for the intentional, willful, wanton, oppressive, malicious and/or reckless conduct of the Defendant;

4. An award of interest, costs, and attorney fees;

5. All other relief determined by the Court to be just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

PLAINTIFF

BY COUNSEL

/s Anthony J. Majestro
Anthony J. Majestro (WVSB 5165)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
Phone: 304-346-2889
Fax: 304-346-2895

And

Anthony M. Salvatore (WVSB 7915)
Greg A. Hewitt (WVSB 7457)
Hewitt & Salvatore, PLLC
204 North Court Street
Fayetteville, WV 25840
Phone: 304-574-0272
Fax: 304-574-0273