IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**KENNETH COZART, in his own right
and on behalf of others similarly situated;**

      **Plaintiff,**

v.                                                 **Civil Action No.  5:18-cv-00397
Honorable Irene C. Berger**

**BLUESTONE INDUSTRIES, INC., and
JILLEAN L. JUSTICE, JAMES C. JUSTICE, III,
JAMES T. MILLER, individually,**

      **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Jillean L. Justice, James C. Justice, III, and James T. Miller, by counsel, John F. Hussell, IV, Andrew L. Ellis, John D. (Jody) Wooton, Jr., and the law firm of WOOTON, DAVIS, HUSSELL & ELLIS, PLLC, file the following Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment.

## LEGAL STANDARD

Summary judgment is appropriate where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law, taking into account that the party opposing a Motion for Summary Judgment is entitled to all favorable inferences which can be drawn from the evidence. *Kinney v. Daniels*, 574 F. Supp. 542 (S.D. W. Va. 1983). Summary judgment involves a threshold inquiry of determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *University of W.Va. Bd. of Trustees v. Van Voorhies*, 84 F. Supp. 2d 759 (N.D. W. Va. 2000), aff'd, sub nom. *University of W.Va. v. Van Voorhies*, 278 F.3d 1288 (Fed. Cir. 2002).

# ARGUMENT

**The Plaintiff has failed to plead facts or a cause of action that would justify imposing personal liability for corporate officers of Bluestone Industries, Inc.**

Courts in West Virginia and throughout the United States recognize the sanctity of corporate formats and decline to impose personal liability on corporate officers. Such state and federal legal theory holds that claims against corporate officers should only be granted in the rarest of circumstances. The claims presented by the Plaintiff, Kenneth Cozart, in the above-styled civil action do not satisfy any criteria which would justify the imposition of individual liability on the officers of Bluestone Industries, Inc. Accordingly, such claims should be dismissed. The Plaintiff's tactic of bringing an action against both an entity and the individual officers is an inappropriate move to protect Plaintiff's own interest by having the individuals as a "back up" in the event that Plaintiff is unable to recover a desired result from the corporate entity. Plaintiff's Amended Complaint does not include any specific allegations of personal wrongdoing by the three individual officers and any conduct by the officers would have been through the entity. Accordingly, it would be inappropriate to impose individual liability in this civil action. Further, Plaintiff's claim under the Fair Labor Standards Act (FLSA) against the three individual Defendants should be dismissed because the Plaintiff fails to allege sufficient facts to place the individuals within the definition of an "employer," as that term is defined by the FLSA. Because there are no allegations that the individual Defendants constitute an "employer" under the FLSA, the individual Defendants should not be subject to liability in the above-styled civil action.

The FLSA conditions liability on the existence of an employer-employee relationship and the employee bears the burden of alleging and proving the existence of that relationship. *Benshoff v. City of Virginia Beach*, 180 F. 3d 136, 140 (4th Cir. 1999)(citing *Davis v Food Lion*,

792 F2d 1274, 1276 (4th Cir. 1986)). Plaintiff has not met his burden of alleging and proving the existence of an employer-employee relationship for any of the three individuals named in the Complaint.

To determine whether the employer-employee relationship exists, courts apply the "economic reality" test. *Schultz v. Capital Int'l* Sec. Inc., 466 F.3d 298, 304 (4th Cir. 2006). The economic reality test focuses on "whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic reality, in business for himself." *Kerr v. Marshall Univ. Bd. Of Governors* 824 F.3d 62, 43 (4th Cir. 2016) Relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Kerr* 824 F.3d at 43 (4th Cir. 2016)

Plaintiff's Amended Complaint does not allege and prove that Jillean L. Justice had the power to hire and fire the employees, that she supervised and controlled employee work schedules or conditions of employment, that she determined the rate and method of payment, or that she maintained employment records. Accordingly, Plaintiff did not plead sufficient facts to prove defendant's role in an employee-employer relationship.

Similarly, Plaintiff's Amended Complaint does not allege and prove that James C. Justice, III, had the power to hire and fire the employees, that he supervised and controlled employee work schedules or conditions of employment, that he determined the rate and method of payment, or that he maintained employment records. Accordingly, Plaintiff did not plead sufficient facts to prove defendant's role in an employee-employer relationship.

Finally, Plaintiff's Amended Complaint does not allege and prove that James T. Miller had the power to hire and fire the employees, that he supervised and controlled employee work schedules or conditions of employment, that he determined the rate and method of payment, or that he maintained employment records. Accordingly, Plaintiff did not plead sufficient facts to prove defendant's role in an employee-employer relationship

## CONCLUSION

Based upon the foregoing, Defendants Jillean L. Justice, James C. Justice, III, and James T. Miller request entry of summary judgment in their favor.

**BLUESTONE INDUSTRIES, INC.,
JILLEAN L. JUSTICE,
JAMES C. JUSTICE, III, AND
JAMES T. MILLER**

By Counsel,


/s/ John F. Hussell, IV
John F. Hussell, IV - WV Bar No. 6610
John D. (Jody) Wooton, Jr. – WV Bar No. 10512
Andrew L. Ellis – WV Bar No. 10618
WOOTON, DAVIS, HUSSELL & ELLIS, PLLC
P.O. Box 3971
Charleston, WV 25339
(304) 345-4611
Fax: (304) 345-4607
John.Hussell@wwdhe.com
Jody.Wooton@wwdhe.com
Drew.Ellis@wwdhe.com
*Counsel for Defendants Bluestone Industries, Inc.,
Jillean L. Justice, James C. Justice, III, and
James T. Miller, individually*