IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENNETH COZART,

           Plaintiff,

v.                                                                          CIVIL ACTION NO.   5:18-cv-00397

BLUESTONE INDUSTRIES, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion for Partial Summary Judgment* (Document 48) and the *Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment* (Document 49), filed on February 15, 2019.  On February 27, 2019, the *Plaintiff's Motion for Relief Under Rule 56(d) of the Federal Rules of Civil Procedure* (Document 56) was filed, asserting that the Plaintiffs required additional discovery, including depositions of the individual Defendants, prior to responding to the motion for summary judgment.  The Court granted the Plaintiff's motion and directed that the Plaintiff respond to the motion for summary judgment within ten (10) days after the completion of the depositions.  Those depositions were noticed for April 2, 2019 and April 24, 2019.  Nothing has been filed since the deposition notices.

The Plaintiff filed a *Complaint* (Document 1) on March 6, 2018, alleging that Bluestone Industries, Inc., violated the West Virginia Wage Payment and Collection Act (WVWPCA) and the Fair Labor Standards Act (FLSA) by issuing paychecks that bounced.  On April 11, 2018, the Plaintiff amended his complaint to add the following individual Defendants: Jillean L. Justice, a

Director of Bluestone, James C. Justice III, a Director and President of Bluestone, and James T. Miller, Secretary and Treasurer of Bluestone.

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably

be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

The motion for summary judgment asserts that no evidence[1] supports the imposition of liability against the individual Defendants. The Plaintiff has not responded, and therefore has not made a sufficient showing of the elements of any claim against the individual Defendants.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion for Partial Summary Judgment* (Document 48) be **GRANTED** and that judgment be entered in favor of Jillean L. Justice, James C. Justice, III, and James T. Miller.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 24, 2019

*(signature)*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] Portions of the Defendants' brief assert that the Plaintiff's pleadings are insufficient, as applicable to a motion to dismiss. The Court has applied the standard applicable to a motion for summary judgment.

3