IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KENNETH COZART,

        Plaintiff,

v.                                           CIVIL ACTION NO.   5:18-cv-00397

BLUESTONE INDUSTRIES, INC.,

        Defendant.

**ORDER**

The Court has reviewed the parties' *Notice of Withdrawal of Joint Motion for Approval of Settlement* (Document 81). Therein, the parties indicate that they "have elected to do a non-class confidential settlement" and "the settlement will not involve the Fair Labor Standards Act." (Not. at 1.) Therefore, they contend that Court approval is unnecessary and seek to dismiss the matter pursuant to their settlement.

As there has been no attempt to certify a class, treating the matter as a non-class settlement is appropriate. When the parties appeared for a Pretrial Conference and Final Settlement Conference, both the Fair Labor Standards Act (FLSA) claim and the West Virginia Wage Payment and Collection Act (WVWPCA) claim remained pending. Nothing on the docket indicates that the FLSA claim was dismissed prior to the parties reaching a settlement. The Court is unaware of the terms of the parties' settlement. The parties' proposed dismissal order would effectuate a with-prejudice dismissal of the FLSA claim, as well as the WVWPCA claim. Without additional information, the Court cannot conclude that such a result is appropriate.

Accordingly, the Court **ORDERS** that the parties provide the Court with the information necessary to evaluate the circumstances under which they seek dismissal of the FLSA claim. The Court further **ORDERS** that the parties may file such information **under seal** for the Court's initial evaluation and review.[1]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

                ENTER:     August 30, 2019

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] Should the Court determine that Court approval of the settlement is required, the information necessary for the Court to determine whether to grant such approval must generally be made public. *See, e.g.*, *Kianpour v. Rest. Zone, Inc.*, No. CIV.A. DKC 11-0802, 2011 WL 3880463, at *1 (D. Md. Aug. 30, 2011) (explaining that the requirement that FLSA settlement be judicially approved implicates a public right to access records associated with such settlements and distinguishes FLSA settlements from other civil settlements that may be confidential); *Browne v. The Pantry, Inc.*, No. 1:11-CV-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) (same); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 622–23 (E.D. Va. 2011).